UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ROY JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 16-0757 (RC) |
| | ) |
| ANDRE MATEVOUSIAN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Petitioner Michael Roy Johnson is incarcerated at the United States Penitentiary in Atwater, California. He filed a petition for a writ of habeas corpus in the U.S. District Court for the Central District of California, challenging his 1990 conviction in the Superior Court of the District of Columbia. The Central District concluded that it was not the proper venue for litigating the petition and opted to transfer the case to this Court pursuant to 28 U.S.C. §§ 1404(a), 1406(a). *See* Transfer Order at 2, ECF No. 3 ("The Central District . . . is neither the district of confinement nor the district of conviction.") (citing 28 U.S.C. § 2241(d)).[1] Because D.C. Code § 23-110(g) divests the federal courts of jurisdiction over Johnson's petition, this case will be dismissed for the reasons explained below.

---

[1] Subsection (d) applies where the "person [is] in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts[.]" 28 U.S.C. § 2241(d). The District of Columbia constitutes one judicial district. 28 U.S.C. § 88. Therefore, the basis of the transfer is flawed but not fatal to this Court's ability to dismiss the case for want of jurisdiction. *See Mead v. Holder*, 766 F. Supp. 2d 16, 22 (D.D.C.), *aff'd sub nom. Seven-Sky v. Holder*, 661 F.3d 1 (D.C. Cir. 2011) ("[E]very federal court must satisfy itself of its own subject matter jurisdiction[.]") (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-31 (1990)).

## I. BACKGROUND

Johnson pled guilty in Superior Court to rape while armed, and he was sentenced in November 1990 to a prison term of fifteen years to life. Pet. at 1. The District of Columbia Court of Appeals ("DCCA") affirmed the conviction on November 24, 1993. *Id*. (citing *Johnson v. United States*, 633 A.2d 828 (D.C. 1993)). In that same decision, the DCCA affirmed the Superior Court's denial of Johnson's collateral "motion under D.C. Code § 23-110 to withdraw his guilty plea." *Johnson,* 633 A.2d at 829. The DCCA concluded:

> In light of what the trial court already knew at the time of Johnson's plea and sentencing about his mental condition, we hold that the court did not err in refusing to allow him to withdraw his guilty plea eight months after sentencing and that there was no manifest injustice in that refusal. We further hold that the motion to withdraw the plea under D. C. Code § 23-110 did not raise any new factual issues requiring a hearing, and that the court therefore committed no error in denying the motion without a hearing.

*Id*. at 833.

In the instant petition dated February 27, 2016, petitioner claims as grounds for relief that (1) the government "misrepresented the presence of material evidence to induce a guilty plea"; (2) trial counsel induced "an involuntary guilty plea" by promising a sentence of three to nine years; (3) the trial court ruled erroneously "on new factual evidence"; (4) the trial court failed to inquire sufficiently "into petitioner's competence and give adequate weight to [his] suicide attempts," in violation of due process; and (5) he was denied the effective assistance of trial counsel, which (6) "tainted the sentencing phase of the trial." Pet. at 2-8.

## II. ANALYSIS

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of

the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a).  Section 23-110 also states that a prisoner's habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that [he] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *Id.* § 23-110(g).

Considered "analogous" to the remedy available to federal prisoners under 28 U.S.C. § 2255, *Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998), "[t]he section 23-110 remedy was designed 'to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court,'" *Whoie v. Warden, Butner Fed. Medical Ctr.*, 891 F. Supp. 2d 2 (D.D.C. 2012) (quoting *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009)).  Therefore, "[i]n order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not." *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (per curiam).  In addition, unlike prisoners sentenced in state courts, "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (footnote and internal quotation marks omitted).

The Court of Appeals has interpreted § 23-110(g) as "only divest[ing] federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)." *Williams*, 586 F.3d at 998.  All of the grounds asserted in the instant petition present viable claims under D.C. Code § 23-110.  *See Saunders v. United States*, 72 F. Supp. 3d

105, 109-10 (D.D.C. 2014) (noting that "petitioner's claims arise from alleged trial errors, and each could have been raised in the Superior Court by motion under § 23-110"); *Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("Section 23-110 provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel."); *Johnson*, 633 A.2d at 831 ("section 23-110 authorizes a convicted defendant to file a motion to vacate his sentence" imposed following a guilty plea); *Williams v. U.S.*, 656 A.2d 288, 293 n.6 (D.C. 1995) ("The standard [for considering a motion to withdraw a guilty plea under Super.Ct.Crim.R. 32(e)] is the same . . . if the issue is instead analyzed under the post-conviction statute, D.C. Code § 23-110."); *see also Williams v. U.S.*, 408 A.2d 996, 998 (D.C. 1979) (remanding for hearing on § 23-110 motion to vacate sentence upon holding "that the record particularly the plea proceeding transcript does not effectively rebut the appellant's allegation that his plea was induced by promises made by his counsel").  And the mere fact that the D.C. courts denied Johnson's § 23-110 motion, *see Johnson,* 633 A.2d at 831-33, does not render the remedy inadequate or ineffective, particularly since he was provided "a full and fair opportunity to litigate a colorable claim in the District of Columbia courts."  *Garris*, 794 F.2d at 727; *see Mackall v. Wilson*, 32 F. Supp. 3d 76, 79 (D.D.C. 2014), quoting *Wilson v. Office of Chairperson, D.C. Bd. of Parole*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him by D. C. Code § 23-110 are inadequate merely because he was unsuccessful when he invoked them."); *Perkins v. Henderson*, 881 F. Supp. 55, 60 n.5 (D.D.C. 1995) (same).  Accordingly, this habeas action is dismissed for want of jurisdiction.[2]

> _____/s/_____
> RUDOLPH CONTRERAS
> United States District Judge

Date:  May 19, 2016

---

[2]   A separate Order accompanies this Memorandum Opinion.